UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Judith M. Murtaugh, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 1:11-cv-0103 SEB-TAB |
| | ) |
| Mercantile Adjustment Bureau, LLC, | ) |
| Jane Doe, | ) |
| Defendants. | ) |

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT**

### I. Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA").

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

### III. Parties

4. Plaintiff in this case is a resident of the full age of majority, domiciled in the City of Indianapolis, Marion County, Indiana.

5. Defendant in this case, Mercantile Adjustment Bureau, LLC, (hereinafter referred to as "Mercantile"), is a "debt collector" as that term is defined by the FDCPA, and is attempting to collect a debt. Mercantile is a corporation organized under the laws of the State of New York whose principal business address is 6390 Main Street, Williamsville, NY 14221, and is NOT licensed to do business in Indiana.

6. Defendant in this case, Jane Doe, is an employee or independent contractor of Defendant Mercantile.

1

## IV. Factual Allegations

7. Mercantile is a debt collection agency attempting to collect a debt from Plaintiff.

8. On January 3, 2011, Plaintiff filed for bankruptcy relief under Chapter 7 of Title 11 of the United States Code under case number 11-00022-FJO.

9. Notice of Defendant's bankruptcy was sent to creditors on January 7, 2011 by the Bankruptcy Noticing Center.

10. Included in the Notice of Bankruptcy was information that Plaintiff was represented by counsel, John T. Steinkamp, along with contact information for Mr. Steinkamp.

11. On January 8, 2011, Jane Doe on behalf of Defendant Mercantile contacted Plaintiff via telephone in an attempt to collect on a debt. During this initial telephone conversation, Plaintiff informed Jane Doe that she had filed bankruptcy.

12. Despite being informed of Plaintiff's bankruptcy during the January 8, 2011 telephone call, Jane Doe contacted Plaintiff again on January 12, 2011 and January 15, 2011, attempting to collect on a debt.

## Count I
## Violation of §1692e of the FDCPA

13. The allegations of Paragraphs 1 through 12 of the complaint are realleged and incorporated herein by reference.

14. Defendants violated the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of any debt, pursuant to 15 U.S.C. § 1692e by contacting the Plaintiff by phone trying to collect on a debt that the bankruptcy had legally enjoined any party from collecting on.

15. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney fees, and costs pursuant to 15 U.S.C. §1692k.

## Count II
## Violation of §1692c of the FDCPA

16. The allegations of Paragraphs 1 through 15 of the complaint are realleged and incorporated herein by reference.

17. Defendant violated §1692c(a)(2) of the FDCPA by communicating with a consumer regarding a debt when the debt collector knew the consumer to be represented by an attorney in regards to that debt.

18. Defendant knew that Plaintiff was represented by counsel in connection with this debt.

19. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney fees, and costs pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, having set forth her claims for relief against Defendants, respectfully prays the Court as follows:

1. That Plaintiff has and recover against Defendants a sum to be determined by the Court in the form of actual damages;

2. That Plaintiff has and recover against Defendants a sum to be determined in the form of statutory damages;

3. That Plaintiff has and recover against Defendants all reasonable legal fees and expenses incurred by the attorney;

4. That Plaintiff has such other and further relief as the Court may deem just and proper.

Respectfully submitted,

John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East St., Ste. E-1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320